UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY MCAFFEE, JR.,

    Plaintiff,

v.                                                 Case No: 8:16-cv-3484-T-36MAP

RANDALL DORR, JOSEPH CZOP and
GAVIN J. MACCUBBIN,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Mark A. Pizzo (Doc. 9). In the Report and Recommendation, Magistrate Judge Pizzo recommends that the Court:

(1) deny Plaintiff's request to proceed *in forma pauperis* (Doc. 2); and

(2) dismiss Plaintiff's Complaint (Doc. 1).

Plaintiff Jerry McAffee, Jr. filed Objections to the Report and Recommendation (Doc. 10). Upon consideration, the Court will overrule the objections and approve the Magistrate Judge's Report and Recommendation.

    **I.    BACKGROUND**

Plaintiff, who is proceeding *pro se,* filed this civil rights action against three Pinellas County Sheriff's Office deputies. Doc. 1. Plaintiff alleges that he was falsely arrested for domestic battery in violation of his Constitutional rights and that his unconstitutional arrest caused the

revocation of his parole release and reincarceration.[1] *See* Doc. 1. Plaintiff, who remains incarcerated, seeks an injunction (presumably to end his incarceration), compensatory damage (for loss of certain property), punitive damages (for loss of liberty, custody of his daughter, and pain and suffering). *Id.* at p.7-8.

Thereafter, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 to which Judge Pizzo issued a Report and Recommendation. Docs. 2, 9. Judge Pizzo recommended denial of Plaintiff's request to proceed *in forma pauperis* and dismissal of his Complaint because: (1) Plaintiff's Complaint is barred by *Heck*; (2) Plaintiff's Complaint is baseless since lack of probable cause has not been shown; and (3) compensatory and punitive damages are foreclosed by the provisions of 42 U.S.C. §1997e. Plaintiff has now filed objections. Doc. 10. In his objections, Plaintiff argues that Judge Pizzo: (1) improperly screened the case; (2) prematurely recommended dismissal thereby denying Plaintiff an opportunity to respond to the motion to dismiss; (3) improperly applied the Prison Litigation Reform Act (PLRA) to this case; (4) improperly applied *Heck* to this case; (5) misconstrued Plaintiff's Complaint thereby applying the wrong case law;[2] and (6) mistakenly found probable cause to arrest. Doc. 10.

## II.    STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th

---

[1] At the time of his arrest, Plaintiff was on parole for attempted murder. Following his arrest, the parole board revoked Plaintiff's parole and remanded him to the custody of the Department of Corrections where he is currently serving the balance of his 25-year sentence for attempted murder.

[2] *Harden v. Pataki*, 320 F.3d 1289 (11th Cir. 2003) and *Cobb v. Florida*, 293 Fed. App'x 708,709 (11th Cir. 2008).

Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

### III. DISCUSSION

In his first objection, Plaintiff argues that Magistrate Judge Pizzo should not have screened his case because this Court previously "screened" his Complaint and found it meritorious when it issued the "Related Case Order and Track One Notice." *See* Doc. 3. Plaintiff's objection demonstrates a misunderstanding of case management procedure in this Court. In pertinent part Rule 3.05 of the Local Rules for the Middle District of Florida (Case Management) states the following:

> (a) As soon as practicable after the filing of any civil action, the Clerk shall designate the case for future management on one of three tracks. The Clerk will notify the Plaintiff of such designation and the Plaintiff must then serve that notice upon all other parties….
> (b) Cases shall be designated by the Clerk to their appropriate tracks as follows:
>
>   (1) The following categories of proceedings are Track One Cases:
>
>     (C) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision…

On December 28, 2016, this Court issued an Order and Notice (Doc. 3.) which stated the following:

> It is hereby **ORDERED** that, no later than fourteen days from the date of this Order, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b). The parties shall utilize the attached form NOTICE OF PENDENCY OF OTHER ACTIONS. It is
>
> **FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a Track One case. All parties must comply with the requirements established in Local Rule 3.05 for Track One cases.

Nothing in the above mentioned Order indicates that this Court screened and/or previously found merit in the instant case. In fact, the "Order and Notice" does not indicate that the initial filing was screened for anything more than the determination of which Track was appropriate. Doc. 3. Indeed, it is readily apparent that the Court, upon receipt of Plaintiff's filing, followed the proper procedure. *See* Local Rule 3.05. As such, Plaintiff's conclusion that the Court previously "screened his case" and found it "meritorious" is incorrect. Plaintiff's first objection is overruled.

In his second objection, Plaintiff maintains that by recommending dismissal, Magistrate Judge Pizzo deprived him of the opportunity to respond to the motion to dismiss. This objection is without merit. When Plaintiff filed an application to proceed *in forma pauperis* (Doc. 2), the Court was required to screen and dismiss the case if it determined that the action was frivolous, malicious, failed to state a claim upon which relief can be granted, or sought monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)). Moreover, an action is frivolous when it presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

Here, a review of Plaintiff's factual allegations revealed that this case could not be brought under 42 U.S.C. § 1983. The Supreme Court has held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *See Heck v. Humphrey,* 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994). Since Plaintiff's claims implicate the validity

of his conviction, Magistrate Judge Pizzo properly determined that dismissal was appropriate. *See* 28 U.S.C. § 1915(e)(2)(B) (i)-(iii). Thus, Plaintiff's second objection is also overruled.

In his third objection, Plaintiff contends that the Prison Litigation Reform Act (PLRA) does not apply to his case. Plaintiff's objection is without merit. Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.,* in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts. *See*, *e.g., Alexander v. Hawk,* 159 F.3d 1321, 1324-1325 ( 11th Cir. 1998) (citing statistics). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) applies to all federal civil actions, including constitutional claims brought under 42 U.S. C. § 1983. *See Harris v. Garner* (Harris II), 216 F.3d 970, 984-85 (11th Cir.  2000) (en banc) (finding 42 U.S.C.  § 1997e(e) applies to all federal civil actions). And, 42 U.S.C. § 1997e(e), in pertinent part, states the following:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury…

*See also Brooks v. Warden*, 800 F.3d 1295, 1298 (11th Cir. 2015) ("Because [plaintiff] has not alleged any physical injury resulting from his hospital stay, under the [PLRA], he cannot recover compensatory or punitive damages" for his Eighth Amendment claim).

Here, since Plaintiff is a prisoner seeking relief under 42 U.S.C. § 1983, the PLRA applies to the instant case. Plaintiff's third objection that the Prison Litigation Reform Act (PLRA) does not apply to his case is, therefore, overruled. Moreover, Plaintiff's compensatory and punitive

5

damages claims for "pain and suffering from stress" is insufficient to state a claim under § 1983. Indeed, Plaintiff has failed to allege even *de minimus* physical injury. And as a result, to the extent that Plaintiff seeks compensatory and punitive damages without physical injury, his Complaint is due to be dismissed.

In his fourth and fifth objections, Plaintiff maintains that the *Heck*, *Cobb* and *Harden* cases do not apply to his case. Plaintiff's objections are without merit. In *Heck v. Humphrey,* 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994), the Supreme Court "held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok,* 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L.Ed.2d 906 (1997)(applying *Heck* rule to disciplinary hearing that resulted in deprivation of good time credits). This favorable-termination requirement has been extended to revocation of parole hearings. *See Green v. McGill-Johnston*, No. 16-11172, ___Fed. App'x___, 2017 WL 1371387, at *1 (11th Cir. Apr. 17, 2017) (per curiam) (affirming that *Heck* applies to parole revocation challenges);[3] *Cobb v. Florida*, 293 Fed. App'x 708, 709 (11th Cir. 2008) (affirming dismissal because the necessary implication of a grant of relief would be that Plaintiff's probation revocation is invalid); *Harden v. Pataki*, 320 F.3d 1289, 1295-1296 (11th Cir. 2003)[4](holding that *Heck's* favorable-termination requirement "does not bar purely procedural claims brought under § 1983.").

---

[3]*See also Henderson v. Davis*, 467 Fed. App'x 829, 830 (11th Cir. 2012) (noting that monetary damages were directly attributable to the revocation of his conditional release and re-incarceration and holding that "*Heck* bars these claims.").

[4] In other words **"**extradition *procedures,* even if they violate federal rights, have no bearing, direct or implied, on the underlying guilt or innocence of the person extradited." *Id.* at 1297.

Plaintiff contends that the wrong case law was applied to his case. Plaintiff's objections are without merit. Plaintiff alleges that the Defendant deputies "knowingly and intentionally falsely arrested" him for domestic battery and that they "maliciously violated his conditional release." In addition, Plaintiff submits that the Defendant deputies "knowingly and intentionally" violated procedures which resulted in violations of his constitutional rights.[5] However, and despite his assertion to the contrary, dismissal under *Heck* is appropriate because, if Plaintiff prevailed, it would necessarily implicate the validity of his conditional release conviction. As Magistrate Judge Pizzo correctly noted, Plaintiff's allegations fundamentally challenge the revocation of his conditional release and seek his freedom. And since Plaintiff's allegations would implicate his conviction, his Complaint is barred under *Heck*. Plaintiff's fourth and fifth objections are also overruled.

Plaintiff's sixth objection regarding probable cause is also without merit. Plaintiff contends that he was falsely arrested. A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim. *See Marx v. Gumbinner,* 905 F.2d 1503, 1505 (11th Cir. 1990). "The existence of probable cause at the time of arrest, however, constitutes an absolute bar to a section 1983 action for false arrest." *Id.* at 1505-06. Probable cause to arrest exists when an arrest is objectively reasonable based on the totality of the circumstances. *See Rankin v. Evans,* 133 F.3d 1425, 1435 (11th Cir. 1998). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the

---

[5] Plaintiff alleges that the Defendants violated his Fourth, Fifth, Eighth and Fourteenth Amendments.

circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " *Id.* (quoting *Williamson v. Mills,* 65 F.3d 155, 158 (11th Cir. 1995)).

Here, Plaintiff's Complaint and attached exhibits, demonstrate that the arresting officers acted prudently in conducting a thorough and reasonable investigation before placing Plaintiff under arrest for spousal battery. Plaintiff concedes that his wife told the arresting deputies that he had hit her.[6] The facts and circumstances within the arresting deputies' knowledge, and of which the arresting officers had reasonably trustworthy information (including their own observations at the scene), would have caused prudent officers to believe that the Plaintiff had committed spousal battery. Hence, Plaintiff's claims for "unconstitutional imprisonment" (Doc. 10) are dismissed for failure to show a lack of probable cause.

In sum, after careful consideration, the Court agrees with Magistrate Judge Pizzo and finds that Plaintiff's Complaint is barred by *Heck*, fails to state a claim and, to the extent he seeks compensatory and punitive damages, is barred for failure to allege even *de minimus* physical injury. In conclusion, all of Plaintiff's objections are overruled and his Complaint will be dismissed for the reason stated in this Order and in the Magistrate Judge's Report and Recommendation. Because leave to amend would be futile, Plaintiff will not be granted leave to amend his Complaint.

### IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED**:

1. Plaintiff's Objections (Doc. 10) to the Report and Recommendation are **overruled**.
2. The Report and Recommendation of the Magistrate Judge (Doc. 9) is **adopted, confirmed, and approved**, in all respects, and is made a part of this Order for all purposes, including appellate review.

---

[6] *See* Doc. 1; Ex. E pg. 14 (Officer report); and pg. 16 (Victim-Witness statement).

3. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

4. Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

5. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
Magistrate Judge Mark A. Pizzo